Wm. Breck Seiniger, Jr. (I.S.B. No. 2387)
SEINIGER LAW
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Fax: (208) 345-4700
Email: wbs@seinigerlaw.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Tyrell Curtis Erlebach,** | **Case No. 1:18-cv-173** |
|      *Plaintiff,* | |
|     **vs.** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **RAJ Enterprises of Central Florida**, LLC *d.b.a.* **Pinnacle Laboratories** *d.b.a.* **Pinnacle Laboratory Services** *d.b.a.* **Pinnacle Labs**, **Millennium Health, LLC**, **Mills Brinson III BSMT, CLD, Alisha L. Phillips, K & K Treatment, Rostad GPS & Monitoring Services, LLC, Kim Rostad**, *d.b.a.* **K & K Treatment, K & K Bail Bonds LLC** *d.b.a.* **K & K Treatment, Dennis Stokes** *in his individual and official capacities,* **Payette County**, **Payette County Sheriff's Office**, **Payette County Sheriff Chad Huff** *in his individual and official capacities,* , **Payette County Board of Commissioners, Payette County Commissioner Mark Shigeta** *in his individual and official capacities,* **Payette County Commissioner Larry Church** *in his individual and official capacities,* **Payette County Commissioner Carol Bruce** *in her individual and official capacities,* **Payette County Commissioner Georgia Hanigan** *in her individual and official capacities,* **Anne Marie Kelso**, **Scott Laney**, and **Joseph Johnson**, and **John Does I** through **XXX,** *whose true identities are unknown,* | |
|     **Defendants.** | |

Comes now Plaintiff Tyrell Curtis Erlebach, by and through counsel, and states the following claims against Defendants:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## I.   PARTIES

1.   Plaintiff Tyrell Curtis Erlebach ("Plaintiff Tyrell Curtis Erlebach") is a resident of Ontario, Oregon.

2.   Defendant RAJ Enterprises of Central Florida, LLC *d.b.a.* Pinnacle Laboratories *d.b.a.* Pinnacle Laboratory Services *d.b.a.* Pinnacle Labs (hereafter "Pinnacle Laboratory Services"), is a limited liability corporation headquartered in and residing within the state of Florida.  At all times relevant herein doing business in the state of Idaho

3.   Defendant Millennium Health, LLC, is a limited liability corporation headquartered and residing within in San Diego, California and, at all relevant times herein, was doing business within the state of Idaho.

4.   Defendant Mills Brinson III BSMT, CLD, was the "Lab Director" of Pinnacle Laboratory Services at all relevant times herein.  Upon information and belief, Defendant Mills Brinson III BSMT, CLD, is a resident of the state of Florida.

5.   Defendant Dennis Stokes is and employee of Payette County and is a resident of the state of Idaho.

6.   Defendant Payette County is a political subdivision of the state of Idaho.

7.   Defendant Payette County Commissioner Mark Shigeta is an elected official of Payette County and at all times relevant herein was one of the chief policymakers of Payette County.  This Defendant is a resident of the state of Idaho.

8.   Defendant Payette County Commissioner Larry Church is an elected official of Payette County and at all times relevant herein was one of the chief policymakers of Payette County.  This Defendant is a resident of the state of Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

9.   Defendant Payette County Commissioner Carol Bruce is an elected official of Payette County and at all times relevant herein was one of the chief policymakers of Payette County.  This Defendant is a resident of the state of Idaho.

10.  Defendant Payette County Commissioner Georgia Hanigan is an elected official of Payette County and at all times relevant herein was one of the chief policymakers of Payette County.  This Defendant is a resident of the state of Idaho.

11.  Defendant Payette County Sheriff's Office is a department of Defendant Payette County.

12.  Defendant Payette County Sheriff Chad Huff is an elected official of Payette County and at all times relevant herein was the chief policymaker of the Payette County Sheriff's Department.  This Defendant is a resident of the state of Idaho.

13.  Defendant Scott Laney is a representative of Defendant Millennium Health, LLC and/or Defendant Pinnacle Laboratory Services.  Defendant Scott Laney is a resident of the state of Idaho.

14.  Defendant Joseph Johnson is a representative of Defendant Millennium Health, LLC and/or Defendant Pinnacle Laboratory Services.  Defendant Joseph Johnson is a resident of the state of Idaho.

15.  Alisha L. Phillips is a resident of the state of Idaho.

16.  Rostad GPS & Monitoring Services, LLC is an Idaho limited liability corporation at all relevant times herein doing business in the State of Idaho.

17.  K & K Treatment is a business headquartered and operating in the state of Idaho.

18.  Kim Rostad, *d.b.a.* K & K Treatment is an individual who is a resident of the state of Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

19. K & K Bail Bonds LLC *d.b.a.* K & K Treatment is an Idaho limited liability corporation resident and doing business in the state of Idaho.

20. Upon information and belief, Kim Rostad and/or K & K Bail Bonds and/or Rostad GPS & Monitoring Services, LLC did business as K & K Treatment.  The contracts of which Plaintiff is presently aware appear to be between K & K Treatment and Defendant Millennium Health LLC and Defendant Pinnacle Laboratory Services.  Therefore, Kim Rostad, K & K Bail Bonds LLC, and K & K Treatment are referred to hereafter collectively as K & K Treatment.

21. John Does I through X, whose true identities are unknown, are individuals or entities that are the parents, subsidiaries, owners, agents, or representatives of the business entities named herein as Defendants.

22. John Does XI through XX, whose true identities are unknown, are individuals who are the employees, agents, or representatives of the governmental entities named herein as Defendants.

23. John Does XXI through XXX, whose true identities are unknown, are other individuals or entities are responsible for the damages of the Plaintiff's alleged herein.

24. All agents, employees and officials of the governmental Defendants are sued in their individual and official capacities.

## II.    JURISDICTION AND VENUE

25. Venue is proper in the United States District of Idaho pursuant to 28 U.S. Code § 1391(b)(1) and (2) because numerous Defendants reside in the state of Idaho and the acts and omissions which form the basis of this complaint occurred in Idaho.

26. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to United States Constitution, in Article III, § 2 and 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, the jurisdictional requirement of 28 U.S.C. § 1332(b). Plaintiff Tyrell Curtis Erlebach is a resident of Ontario, Oregon and is a citizen and resident of the State of Oregon. All individual Defendants are residents of and domiciled in the state of Idaho. All governmental Defendants are municipalities of the state of Idaho or subdivisions of the state of Idaho. All corporate Defendants are incorporated and have their principal place of business in Florida, California, states other than Idaho. The constituent partners/members of all corporate Defendants reside in states other than Idaho.

27. This Court has subject matter jurisdiction based upon federal questions presented under 42 U.S.C. §1983 pursuant to United States Constitution, in Article III and 28 U.S.C. § 1331.

28. Pursuant to 28 U.S.C. § 1367, this Court has pendent jurisdiction over the state law claims presented herein because there is a common nucleus of operative facts giving rise to both the state and federal claims.

29. Prior to commencement of this action, Plaintiff Tyrell Curtis Erlebach served a timely Notice of Tort Claim on Defendant Payette County in accordance with the requirements of Chapter 9, Title 6, Idaho Code.

### III.   FACTUAL BACKGROUND

30. Prior to the events that give rise to Plaintiff Tyrell Curtis Erlebach's claims against Defendants, he was an individual in his early 30s with no criminal history who was a licensed physician's assistant in the state of Idaho specializing in providing physician's assistant services in cardiac surgery.

31.   Plaintiff Tyrell Curtis Erlebach was charged in connection with a domestic disturbance in State v. Erlebach, Payette County Case Number CR 2016-0154.

32.   Plaintiff Tyrell Curtis Erlebach was released on bail.  A condition of his release was that he submit to random drug and alcohol testing.

33.   Random drug and alcohol testing of Plaintiff Tyrell Curtis Erlebach was arranged by K & K Treatment.

34.   K & K Treatment contracted with Defendant Pinnacle Laboratory Services and Defendant Millennium Health LLC for those entities to analyze and report on random urine/drug tests administered to its clients, including Plaintiff Tyrell Curtis Erlebach.  See, Exhibits 1 and 2 attached hereto.

35.   K & K Treatment was a client of Defendant Millennium Health LLC, as evidenced by a New Client Registration form dated April 2, 2015.

36.   K & K Treatment was a client of Defendant Pinnacle Laboratory Services, and as evidenced by the report of Pinnacle Laboratory Services dated April 18, 2016 (the Pinnacle Laboratory Services Report) confirming the results of testing done on Plaintiff Tyrell Curtis Erlebach of the sample collected on April 14, 2016.

37.   Both documents referenced in paragraphs 35 and 36 above list the health care provider ordering the testing as Alisha Phillips, FNP.

38.   On or about April 14, 2016, Plaintiff Tyrell Curtis Erlebach was notified that he was to go to K & K Treatment and provide a urine sample.  He did so.

39.   Plaintiff Tyrell Curtis Erlebach's urine sample was sent to and evaluated by a company doing business under the name Pinnacle Laboratory Services.

40. On April 18, 2016, a report was sent to K&K Treatment indicating a "positive" result with respect to the metabolites of Ethel Alcohol.  See Exhibit 2 attached hereto.

41. The result was a false "positive" or otherwise unreliable.

42. April 24, 2016, Willamette Valley Forensics consultant Ken MeNeely, a chemist and a board-certified ASCLD/LAB (American Society of Crime Lab Directors/Laboratory Accreditation Board) issued a report of his review of Pinnacle Laboratory Services analysis and April 18, 2016 report that they were not scientifically reliable concluding with scientific certainty that (1) the cutoff level utilized by Pinnacle Laboratory was inappropriate to use as a tool to evaluate alcohol consumption because it could have led to misinterpretation, (2) Pinnacle Laboratory did not report an error rate as commonly done by accredited laboratories, (3) the "corrected values" of 67.2 and 22.3 for EtG and EtS represents trace levels of alcohol, (4) those "levels" also represent values below the laboratory's instrument capabilities to produce credible results, (5) the chemical products utilized will produce trace levels of EtG and EtS, (6) the reported levels are consistent with the association/contact with chemicals contained in commercial products used by Plaintiff Tyrell Curtis Erlebach such as laundry detergent and vitamins which can be absorbed either through dermal tissues or inhalation and can be misinterpreted as alcohol ingestion resulting in a false positive, (7) that, at a minimum, 500 ng/ml or higher must be used for positive cut-off values for EtG and EtS levels to eliminate false positive interpretations, and (8) that laboratory reports must be interpreted by a qualified medical individual or toxicologist which Tyrell Curtis Erlebach's urine sample was not.  See, Exhibit 3 attached hereto.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

43. The false positive was a result of unreliable and/or faulty analysis of Plaintiff Tyrell Curtis Erlebach's urine sample.  The report also failed to include important information concerning aspects of the analysis that made the "positive" finding unreliable.

44. It is well known in the scientific community that drug/urine testing must be carefully administered, analyzed and reported and the administration and analysis of such tests must comply with applicable scientific standards because of the risk of false positives which cannot, amongst other things, result in injury to the reputation, freedom and liberty interests of those tested.

45. Alisha Phillips, FNP, was the authorized healthcare provider specified by K & K Treatment on its contracts with Defendant Pinnacle Laboratory Services and Defendant Millennium Health LLC.

46. Plaintiff Tyrell Curtis Erlebach contacted Defendant Pinnacle Laboratory Services and advised them that he believed the results of their analysis were unreliable and incorrect.

47. On or about April 28, 2016, Defendant Pinnacle Laboratory Services issued an amended report, reporting the same test results but containing the following comment:

> FINAL REPORT- 5/10/2016
>
> Negative Ethyl Alcohol results recovered by EIA screening.  Positive ETG and ETS (ethanol metabolites) results were recovered indicating exposure to Ethyl Alcohol within the past 72 hours.  ETG and ETS results are to be considered non-forensic testing, for medical purposes only.  Positive results may indicate ingestion of, or exposure to Ethyl Alcohol within the past 72 hours.  The results will not be differentiated between Ethyl Alcohol consumed from medications (over-the-counter cold or cough formulas) or from other sources.  Positive ETG and ETS results may also indicate recent skin exposure to alcohol-containing hand sanitizers and/or disinfectants.  Under certain conditions, ETG may also be produced in vitro (outside of the body in the sample container) by certain bacteria which may be present in the unit urine sample.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

48. Defendant Pinnacle Laboratory Services failed to take appropriate steps to make sure that they took whatever steps were necessary to collect, safeguard, protect and ship the urine samples from Plaintiff Tyrell Curtis Erlebach.

49. Defendant Pinnacle Laboratory Services failed to take appropriate steps to make sure that Alisha Phillips, FNP, appropriately authorized and reviewed the reports of urine samples from Plaintiff Tyrell Curtis Erlebach.

50. Defendant Pinnacle Laboratory Services failed to take appropriate steps to make sure that the report that it issued (Exhibit 1) contained necessary warnings caveats information so that an individual reading the report would understand that it could not be relied upon for forensic purposes and that it might not be accurate. See, Exhibit 3 attached hereto.

51. These failures resulted in a false positive been reported to the Payette County District Court, as a result of which Plaintiff Tyrell Curtis Erlebach was wrongfully arrested, incarcerated, and sustained financial losses.

52. It appears that the failure of Alisha Phillips, FNP to require the submission of reports to her regarding urine drug testing which she had agreed to authorize and monitor, and her failure to review the attached reports for accuracy, and her failure to advise law enforcement and the courts of the unreliability of the report for forensic purposes may have been the result of Defendant Pinnacle Laboratory Services reckless or intentional failure to provide her with a copy of the report.

53. However, if these failures were not attributable to Defendant Pinnacle Laboratory Services, and if these reports were provided to her, but she nevertheless failed to meet the applicable standard of care regarding the analysis, interpretation, and reporting concerning these

reports, then she was negligent and is responsible for Plaintiff Tyrell Curtis Erlebach's damages.

54.    Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC to take all actions necessary to ensure that the urine samples provided by Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals were analyzed in conformity with scientifically reliable testing and reporting procedures and methodologies.

55.    Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC to take all actions necessary to ensure that the urine samples provided by Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals were reported in conformity with scientifically reliable testing and reporting procedures and methodologies.

56.    Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon the representations of Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC that those Defendants understood the implications of a failure of those Defendants to ensure that the urine samples provided by Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals were analyzed in conformity with scientifically reliable testing and reporting procedures and methodologies.

57.    Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon the representations of Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC that those Defendants would accurately analyze

and report the urine samples provided by Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals in conformity with scientifically reliable testing and reporting procedures and methodologies.

58.   Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon the representations of Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC that those Defendants understood that the freedom, liberty, and employability of by Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals could be adversely affected by false-positive test results arising out of the negligent analysis and reporting of urine samples.

59.   Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon the representations of Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC that those Defendants understood that the freedom, liberty, and employability of by Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals could be adversely affected by reporting procedures indicating positive test results of the analysis of urine samples in cases in which the results of such testing deemed or described as "positive" by said Defendants were based upon levels of substances in the urine of Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals which might be attributable to absorption of substances through the skin or by inhalation.

60.   Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon the representations of Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC that those Defendants understood that the freedom, liberty, and employability of by Plaintiff Tyrell Curtis Erlebach and other

**COMPLAINT AND DEMAND FOR JURY TRIAL - 11**

similarly situated individuals could be adversely affected by the failure to include in its reports plain and conspicuous caveats warning that "positive" test results of the analysis of urine samples may have been based upon levels of substances in the urine of Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals which might be attributable to absorption of substances through the skin or by inhalation.

61.    Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon the representations of Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC that those Defendants understood the obligation of laboratories testing urine samples provided by Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals to the extent necessary to protect the rights and liberty interests of Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals.

62.    Upon information and belief, Alisha Phillips, FNP and K & K Treatment reasonably and justifiably relied upon Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC to protect the rights and liberty interests of Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals to the extent that the services provided by Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC could foreseeably impact those rights and interests.

63.    The Pinnacle Laboratory Services Report lists the "Test Outcome" for all drugs as negative.

64.    The Pinnacle Laboratory Services Report lists the "Immunoassay Screen Report" for Ethyl Alcohol as negative.

65. The Pinnacle Laboratory Services Report lists the "Test Outcome" for the metabolites of alcohol as "positive."

66. The Pinnacle Laboratory Services Report alcohol testing outcomes for the metabolites of alcohol were misleading to the extent that the report would foreseeably be reviewed by someone unsophisticated in interpreting reports of that nature.

67. Pinnacle Laboratory Services had a duty to either make sure that its reports were being interpreted by individuals who would explain to governmental entities that a positive metabolite tested not necessarily mean that an individual had consumed Ethyl Alcohol, or that such reports contained caveats and warnings advising untrained individuals that a positive metabolite tested not necessarily mean that an individual had consumed Ethyl Alcohol.

68. Measurements of Ethyl Sulfate and Ethyl Glucuronide  are measurements of metabolites of Ethyl Alcohol.

69. It is well known within scientific, law enforcement, and professional circles and well established scientifically that the metabolites of Ethyl Alcohol can be in the system of an individual as a result of exposure to Ethyl Alcohol resulting from dermal contact with Ethyl Alcohol and or inhalation of Ethyl Alcohol rather than consumption of Ethyl Alcohol.

70. A generally accepted value for the measurement of the metabolites of Ethyl Alcohol indicative of the consumption of alcohol is approximately 500.

71. The governmental defendants failed to adequately train and supervise their employees sufficiently so that they understood the level of metabolites of Ethyl Alcohol required to be indicative of the consumption of alcohol, as opposed to dermal or respiratory exposure to

**COMPLAINT AND DEMAND FOR JURY TRIAL - 13**

Ethyl Alcohol.  The governmental defendants were deliberately indifferent to the need of their employees and agents to understand this basic fact in order to ensure that plaintiff Tyrell Curtis Erlebach and other similarly situated individuals were not wrongfully deprived of their liberty in violation of the 14th amendment of the United States Constitution.

72.  The Pinnacle Laboratory Services Report of levels of Ethyl Sulfate adjusted for hydration of 67.2 and Ethyl Glucuronide  and 22.20 or so far below the generally accepted value for the measurement of metabolites indicative of alcohol consumption that it should have been obvious to all Defendants that they could not be relied upon to establish that Plaintiff Tyrell Curtis Erlebach had consumed alcohol in violation of the conditions of his relief.

73.  In fact, these levels are so low that they virtually established as a matter of fact that Plaintiff Tyrell Curtis Erlebach had not consumed alcohol during the past 72 hours.

74.  The governmental Defendants in this case knew, or in the exercise of reasonable care should have known that the levels of metabolites of Ethyl Alcohol reflected in the pinnacle laboratory services report were far below levels that could be relied upon as proof that Plaintiff Tyrell Curtis Erlebach had consumed alcohol.

75.  Nevertheless, the governmental and Defendant negligently, and/or recklessly, and or intentionally relied upon the Pinnacle Laboratory Services Report to prosecute Plaintiff Tyrell Curtis Erlebach for violating the conditions of his release.

76.  Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC knew, or should have known, that to prevent against the misinterpretation of urine test outcomes

**COMPLAINT AND DEMAND FOR JURY TRIAL - 14**

the reports of such testing had to be reviewed by a qualified medical individual or toxicologist.

77. Upon information and belief, Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC knew, or should have known, that it was reporting positive drug urine screening outcomes as having been ordered and/or reviewed by Alisha Phillips, FNP, when in fact it was bypassing Alisha Phillips, FNP, who had neither ordered the drug/urine test that was the subject of the April 18, 2016 report nor reviewed it.

78. The Pinnacle Laboratory Services Report lists the "test outcome" for alcohol testing was below the level at which the involved Defendant (believed to be the Payette County Sheriff's Department and its agents) normally arrest an individual for violating the terms of their release on bond.

79. Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC were negligent in describing as "positive" levels of substances in the urine of Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals which may have been attributable to absorption of substances through the skin or by inhalation.

80. Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health, LLC negligently failed to include in its reports plain and conspicuous caveats warning that "positive" test results of the analysis of urine samples may have been based upon levels of substances in the urine of Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals which might be attributable to absorption of substances through the skin or by inhalation.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 15**

81. Plaintiff Tyrell Curtis Erlebach to retain the services of Willamette Valley Forensics consultant Ken MeNeely, a chemist and a board-certified ASCLD/LAB (American Society of Crime Lab Directors/Laboratory Accreditation Board) to review the pinnacle laboratory services report and its analysis of Plaintiff Tyrell Curtis Erlebach's April 14, 2018 urine sample.

82. Mr. MeNeely performed these services and found that the Pinnacle Laboratory Services Report was not scientifically reliable concluding with scientific certainty that (1) the cutoff level utilized by Pinnacle Laboratory was inappropriate to use as a tool to evaluate alcohol consumption because it could have led to misinterpretation, (2) Pinnacle Laboratory did not report an error rate as commonly done by accredited laboratories, (3) the "corrected values" of 67.2 and 22.3 for EtG and EtS represents trace levels of alcohol, (4) those "levels" also represent values below the laboratory's instrument capabilities to produce credible results, (5) the chemical products utilized will produce trace levels of EtG and EtS, (6) the reported levels are consistent with the association/contact with chemicals contained in commercial products used by Plaintiff Tyrell Curtis Erlebach such as laundry detergent and vitamins which can be absorbed either through dermal tissues or inhalation and can be misinterpreted as alcohol ingestion resulting in a false positive, (7) that, at a minimum, 500 ng/ml or higher must be used for positive cut-off values for EtG and EtS levels to eliminate false positive interpretations, and (8) that laboratory reports must be interpreted by a qualified medical individual or toxicologist which if Tyrell Curtis Erlebach's urine sample was not.

83. Based upon the Pinnacle Laboratory Services Report, a failure to comply with court or affidavit was filed by Misdemeanor Probation Officer Dennis Stokes on April 19, 2016 in

**COMPLAINT AND DEMAND FOR JURY TRIAL - 16**

State v. Erlebach, Payette County Case Number CR 2016-0154.  This affidavit alleged that Plaintiff Tyrell Curtis Erlebach failed to comply with the conditions of his release and failed to abstain from drugs or alcohol unless prescribed by a physician is ordered by the (Payette County) court.

84.   Based upon the Pinnacle Laboratory Services Report, a bench warrant was issued on April 20, 2016 for the arrest of Plaintiff Tyrell Curtis Erlebach.

85.   Based upon the Pinnacle Laboratory Services Report, Plaintiff Tyrell Curtis Erlebach was arrested.

86.   Plaintiff Tyrell Curtis Erlebach was released from jail, however in order to defend the charge that he violated the terms of his release on bond he was required to retain the services of Willamette Valley Forensics, LLC to evaluate the Pinnacle Laboratory Services Report.

87.   As a direct and proximate result of the acts and omissions of the foregoing Defendants, Plaintiff Tyrell Curtis Erlebach has been barred from practicing his profession as a physician's assistant.

88.   As a direct and proximate result of the acts and omissions of the foregoing Defendants, Plaintiff Tyrell Curtis Erlebach will sustain economic damages in the amount of $2,000,000 or such greater amount as may be proven at trial.

89.   As a direct and proximate result of the acts and omissions of the foregoing Defendants, Plaintiff Tyrell Curtis Erlebach will sustain economic damages in the amount of $3,000,000 or such greater amount as may be proven at trial.

## CAUSES OF ACTION
## COUNT 1 - NEGLIGENCE
### Against: All Defendants

90.   Defendants Payette County, Payette County Sheriff's Office, Payette County Sheriff Chad
      Huff, and John Does XI through XX had a non-delegable duty to Plaintiff Tyrell Curtis
      Erlebach and other similarly situated individuals to exercise due care in the process of
      overseeing the administration, analysis and reporting the results of court-ordered drug/urine
      tests.

91.   Notwithstanding the fact that Defendants Payette County, Payette County Sheriff's Office,
      Payette County Sheriff Chad Huff and John Does XI through XX had a non-delegable duty
      to Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals to exercise due
      care in the process of overseeing the administration, analysis and reporting the results of
      court-ordered drug/urine tests, attempted to delegate that duty to K & K Bail Bonds, d.b.a.
      K & K Treatment.

92.   K & K Bail Bonds posted bond for Plaintiff Tyrell Curtis Erlebach in State v. Erlebach,
      Payette County Case Number CR 2016-0154.

93.   Plaintiff Tyrell Curtis Erlebach was ordered to undergo Court ordered random drug testing
      as a condition of his release on bond in State v. Erlebach, Payette County Case Number CR
      2016-0154.

94.   K & K Treatment contracted with Defendant Pinnacle Laboratory Services and Defendant
      Millennium Health LLC for those Defendants to analyze and report on random urine/drug
      tests administered to its clients, including Plaintiff Tyrell Curtis Erlebach.

95.   It is well known in the scientific community that drug/urine testing must be carefully administered, analyzed and reported and the administration and analysis of such tests must comply with applicable scientific standards because of the risk of false positives which cannot, amongst other things, result in injury to the reputation, freedom and liberty interests of those tested.

96.   It was foreseeable that to these Defendants that the failure to exercise due care in the process of administration, analysis and reporting the results of court-ordered drug/urine tests potentially could have devastating consequences for the individual tested if false positives were reported, including, but not limited to loss of reputation and liberty.

97.   Defendant Pinnacle Laboratory Services, Defendant Millennium Health LLC, and John Does I through X had a duty to Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals to use reasonable care to apply generally accepted scientific standards to the administration, analysis and reporting of drug/urine tests to prevent the reporting of false positives.

98.   Defendants Payette County, Payette County Sheriff's Office, Payette County Sheriff Chad Huff, and John Does XI through XX had a duty to Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals to use reasonable care to select and monitor individuals and entities performing random drug/urine testing to make sure that they were applying generally accepted scientific standards to the administration, analysis and reporting of drug/urine tests to prevent the reporting of false positives.

99.   Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health LLC and/or and John Does I through X had a duty, as a contracting party with K & K Treatment, to exercise reasonable care in the performance of its duties.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 19**

100. Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health LLC and/or and John Does I through X were in the best position to prevent false positives, and therefore had a duty to ensure against false positives that could result in profound consequences for a test subject.

101. Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health LLC and/or and John Does I through X did not exercise reasonable care and failed to adhere to applicable scientific standards applicable to the analysis and reporting of Plaintiff Tyrell Curtis Erlebach's urine sample.

102. Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health LLC and/or and John Does I through X did not exercise reasonable care and failed to adhere to applicable scientific standards when they reported Plaintiff's false positive result to K & K Treatment.

103. Alisha Phillips, FNP, was the authorized healthcare provider specified by can K & K Treatment on its contracts with Defendant Pinnacle Laboratory Services and Defendant Millennium Health LLC.

104. Alisha Phillips, FNP, was designated as "Doctor" on the Pinnacle Laboratory Services Report.

105. Upon information and belief, Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health LLC and/or and John Does I through X failed to take appropriate steps to make sure that Alessia Phillips, FNP, and K & K Treatment took whatever steps were necessary to collect, safeguard, protect and ship the urine samples from Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals.

106. Upon information and belief, Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health LLC and/or and John Does I through X failed to take appropriate steps to make sure that Alessia Phillips, FNP, appropriately authorized and reviewed the reports of urine samples from Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals.

107. Alternatively, and alleged here and at this time only because of the imminent running of the statute of limitations based upon the false positive report issued on April 18, 2016 regarding Plaintiff Tyrell Curtis Erlebach's urine sample, Plaintiff Tyrell Curtis Erlebach alleges that in the unlikely event that the false positive report and/or the misinterpretation of his urine sample and/or the failure to warn the appropriate authorities responsible for revoking Plaintiff Tyrell Curtis Erlebach's release on bond are not attributable to the negligence of Defendant Pinnacle Laboratory Services and/or Defendant Millennium Health LLC and/or and John Does I through X, then false positive report and/or the misinterpretation of his urine sample and/or the failure to warn are attributable to the acts or omissions of Alessia Phillips and/or K & K Treatment.

108. Defendants Payette County, Payette County Sheriff's Office, Payette County Sheriff Chad Huff, and John Does XI through XX breached their duty to Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals by failing to exercise due care in the process of overseeing the administration, analysis and reporting the results of court-ordered drug/urine tests.

109. Due to these Defendants' breaches of duty, Plaintiff suffered damages including, but not limited to a loss of his freedom, liberty, and financial loss associated with the cost of an expert to evaluate and explain to the Idaho District Court Defendant Pinnacle Laboratory

Services and/or Defendant Millennium Health LLC failure to comply with scientific standards the result of which was to make the pinnacle laboratory services report unreliable.

110. Due to these Defendants' breaches of duty, Plaintiff suffered emotional, financial and psychological harm.

## COUNT 2 – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
### Against: All Governmental Defendants

111. Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein in haec verba.

112. Plaintiff, as a citizen of United States, was entitled to due process to protect his liberty guaranteed under the 14th amendment of the United States Constitution

113. As a direct and proximate result of the negligence and/or intentional conduct of Dennis Stokes,  Payette County Payette County Sheriff's Office,  Payette County Sheriff Chad Huff in his individual and official capacities, Payette County Commissioner Mark Shigeta in his individual and official capacities, Payette County Commissioner Larry Church in his individual and official capacities, Payette County Commissioner Carol Bruce in her individual and official capacities, Payette County Commissioner Georgia Hanigan in her individual and official capacities, Plaintiff Tyrell Curtis Erlebach was deprived of one or more rights protected under the amendments to the United States Constitution.

114. Payette County and the Payette County Sheriff's Department/office had a policy or custom that deprived Plaintiff Tyrell Curtis Erlebach of his liberty and constitutional rights.

115. That policy or custom consisted of lack of adequate training and supervision with respect to ensuring that random drug testing was properly administered, reliable, properly reported, and reliably reported.

116. As an example of the absolute unreliability of the procedures used for random drug testing, and of the governmental Defendants' lack of adequate training, supervision, and deliberate indifference, the governmental Defendants failed to take any steps to ensure that random drug testing was scientifically reliable, as evidenced by exhibits three and four herein.

117. The unreliability of random drug testing using the methodologies reflected in this case would have been obvious to government Defendants had they not been deliberately indifferent to the adequacy of the testing involved, the unreliability of the results obtained reflected in the attached exhibits, and the constitutional rights of Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals.

118. The lack of reliability of the testing procedures used that is evident in Exhibits 2, 3 and 4 would be apparent to anyone exercising due diligence with respect to ensuring that the administration, analysis and reporting of drug/alcohol tests.

119. Either, the governmental Defendants recognized that the results of Plaintiff Tyler Tyrell Curtis Erlebach's April 14, 2018 urine test did not evidence of violation of the conditions of his release on bond, in which case they were deliberately indifferent to ensuring that such tests were effective, accurate, reliable, and would not result in the deprivation of liberty of Plaintiff Tyrell Curtis Erlebach protected by the 14th amendment of the United States Constitution, or the governmental Defendants failed to recognize that said test was unreliable because they were deliberately indifferent to the need to understand whether or not such tests were accurate, and reliable.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 23**

120. Whatever the governmental Defendants understood with respect to Defendant Pinnacle laboratory services analysis and reporting of the accuracy and reliability the results of Plaintiff Tyrell Curtis Erlebach's April 14, 2016 drug/urine test, the governmental Defendants failed to implement adequate policies, customs and procedures, and failed to adequately train and supervise their employees and agents to ensure that Plaintiff Tyrell Curtis Erlebach and other similarly situated individuals were not deprived of their liberty and otherwise damaged as a result the governmental Defendants' reliance on unreliable drug and urine testing.

121. This lack of supervision and training amounted to a deliberate indifference to Plaintiff's constitutional rights as specified herein and as otherwise existing under the United States Constitution and its amendments.

122. The policy or custom consisting of a lack of adequate training and supervision and the deliberate indifference of the governmental Defendants was the moving force behind the violation of Plaintiff's constitutional rights.

123. Due to these deprivations, Plaintiff Tyrell Curtis Erlebach has sustained damages as aforesaid.

**WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

1. For judgment in the amount of $1,000,000 or such greater amount as may be proven at trial in compensation for his economic and non-economic damages;

2. For punitive damages in the amount of $3,000,000.

3. For such other and further relief as may be equitable in the premises.

Dated April 18, 2018.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 24**

SEINIGER LAW OFFICES, P.A.

/s/ <u>W<sup>m</sup> Breck Seiniger, Jr.</u>
W<sup>m</sup> Breck Seiniger, Jr.
*Attorneys for Plaintiff*