UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYRELL CURTIS ERLEBACH,<br><br>                Plaintiff,<br><br>    v.<br><br>RAJ ENTERPRISES OF CENTRAL FLORIDA, LLC, et al.,<br><br>                Defendants. | Case No. 1:18-CV-00173-MDH |

## ORDER

Before the Court is Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d). (Doc. 196). Plaintiff requests that this Court defer consideration of Defendants' renewed motions for summary judgment for 90 days. All Defendants oppose the Motion. (Docs. 200, 201, 202). For the reasons set forth herein, the Motion is **GRANTED IN PART**.

## BACKGROUND

In January of 2016, Plaintiff was arrested, and subsequently charged with several felonies including attempted rape, aggravated battery and felony injury to a child, all occurring in Payette County. Bail was set at $200,000, and the magistrate at first appearance ordered Plaintiff, as a condition of bail, not to consume alcoholic beverages. Plaintiff was ordered to report to the Misdemeanor Probation Office. That office was administered by an individual who had contracted with the county to provide pretrial services in addition to supervision of misdemeanor probationers. The contractor's duties included "supervision duties for persons with pretrial release conditions as ordered by a judge." Among the duties agreed upon were to sign up persons on

1

pretrial release for alcohol monitoring, monitoring reports of alcohol testing, and reporting "to the Court of any failed...alcohol tests." Pretrial monitoring and testing is solely related to the conditions of bail prior to conviction, and as such are designed to assist the court as to its decision-making regarding release on bail. Hence, the contractor engaged in two distinct functions, despite the title "Misdemeanor Probation Officer."

On April 20, 2016, the district court issued a bench warrant for the arrest of Plaintiff, finding that there was probable cause to believe that Plaintiff had violated conditions of pretrial release. The court further ordered that bail be set in the amount of $30,000 on the bench warrant, and the court interlineated "or release in 72 hours in jail." The Payette County booking sheet shows that Plaintiff was booked into the jail the same day, posted bond, and was out of jail in 25 minutes. On May 20, 2016, the district court exonerated bond after "being fully apprised of Defendant's objection to a positive alcohol test, as a false positive."

Plaintiff has brought claims against Payette County, individuals serving as its Board of Commissioners, the Payette County Sheriff's Office as well as the Payette County Sheriff individually and the former Payette County Prosecuting Attorney (collectively, "Payette County Defendants"). The basis for Plaintiff's lawsuit against the municipality and its decision makers is (1) negligence, and, (2) 42 U.S.C. § 1983 based upon failure to adequately train and supervise amounting to deliberate indifference. (Amended Complaint, Doc. 107).

Plaintiff furthermore brought claims against Dennis Stokes, an employee of Indianhead Resources, LLC, which contracts with Payette County as an independent contractor to provide misdemeanor probation services for the County. Plaintiff brings a negligence claim and a 42 U.S.C. § 1983 claim against Stokes.

Lastly, Plaintiff brings suit against K & K Treatment; Rostad GPS & Monitoring Services, LLC; Kim Rostad, d.b.a. K & K Treatment; K & K Bail Bonds, LLC, d.b.a. K & K Treatment (collectively, "Rostad Defendants") alleging negligence only.

Plaintiff requests judgment in the amount of $1,000,000 or such greater amount as may be proven for economic and non-economic damages and punitive damages in the amount of $3,000,000.

The following timeline reflects the proceedings in this action:

- April 18, 2018, the Complaint is filed.
- September 17, 2018, the Court issued Case Management Order. (Doc. 55). The Case Management Order provided deadline for filing dispositive motions was March 28, 2019. The Case Management Order allowed the Plaintiff approximately months in which to complete his discovery of the facts.
- October 23, 2018, (Doc. 78) Discovery Plan was agreed upon by the parties, which contained the same discovery deadlines as specified in the Case Management Order. The parties agreed that the fact discovery would be completed by August 30, 2019, approximately sixteen (16) months after the Complaint was filed.
- December 18, 2018, Defendant Stokes' deposition taken.
- January 10, 2019, Plaintiff's counsel moved to stay this matter on the grounds that criminal charges may be asserted against Defendant Johnson and Defendant Laney. (Docs. 116, 117).
- February 4, 2019, Court granted the Stay and indicated that said Stay expired on May 6, 2019. (Doc. 126) The basis for said continuance/stay was that Defendant Laney and Defendant Johnson might be subject to criminal charges and are/were key witnesses and their deposition needed be taken.
- May 6, 2019—January 3, 2021, the parties had an ongoing dispute to whether the Stay was in effect or not after May 2019. During said time period, Plaintiff objected and opposed all efforts to move this case forward on the grounds that the Stay was in effect. (See Docs. 117, 120, 133, 148, 167, and 168).
- September 24, 2019, believing the Stay had expired, Defendant Stokes, filed a Motion for

3

- Summary Judgment seeking to be dismissed from this litigation. (The other Defendants also filed similar Motions for Summary Judgment.) The Plaintiff never responded to Defendant Stokes' Motion for Summary Judgment (or any of the other pending motions for summary judgment.)
- January 4, 2021, this Court lifted the Stay and suggested timelines for the parties proceed forward. The Court also denied all of the Defendants' pending Motions for Summary Judgment, without prejudice, that such motions could be refiled.
- March 15, 2021, Plaintiff takes the deposition of Toby Hauntz, from Payette County.
- March 26, 2021, Plaintiff takes the deposition of Kim Rostad.
- March 29, 2021, Plaintiff dismissed Defendant Laney from this litigation (without taking his deposition.) (Doc. 186). Plaintiff's counsel also indicates that Defendant Johnson may also be dismissed in the near future. (Doc. 187).
- April 14, 2021, after giving Plaintiff approximately 3.5 months to conduct whatever depositions Plaintiff deemed appropriate, Defendant Stokes filed his renewed Motion for Summary Judgment.
- April 15, 2021, the Court issued an Order Amending Case Management Order. (Doc 192). Said Order acknowledges that the parties were aware of the fact that the Stay was lifted on January 2021, and thus Plaintiff has had more than five months to conduct discovery as of this order.

On May 21, 2021, Plaintiff filed a motion to defer consideration of the Defendants' renewed motions for summary judgment "pending the completion of discovery" in this case. (Doc. 197). Plaintiff's subsequent Affidavit asks for an additional 90 days specifically to obtain an affidavit from Judge Brian Lee or take his deposition. (Doc. 203 at 3-4).

**STANDARD**

Rule 56(d) of the Federal Rules of Civil Procedure authorizes the Court to grant relief in situations in which a litigant opposing a motion for summary judgment has not had sufficient time to develop or discover evidence to oppose the motion. The rule states:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Rule 56 was amended in 2010, which, among other things, resulted in the redesignation of the Rule's various subdivisions. Prior to the 2010 amendments, Rule 56(f) governed the deferral of a motion for summary judgment until the nonmoving party was afforded time to conduct discovery. According to the Advisory Committee Notes to the 2010 Amendments, "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Thus, the case law interpreting Rule 56(f) remains applicable to the amended rule. *See, Burch v. Smathers,* No. 3:12-CV-00632-CWD, 2013 WL 12136802, at *2 (D. Idaho May 15, 2013)

The Court previously has recognized that "[i]t is generally the rule in the Ninth Circuit that where a summary judgment motion is filed so early in the litigation that a party has not had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should freely grant a Rule 56(f) motion." *Mangum v. Action Collection Serv. Inc.*, 4:04-cv-507-BLW, 2006 WL 2224067 *2 (Dist. Idaho Aug. 2, 2006) (citing *Burlington Northern Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). "In essence, district courts are expected to generously grant Rule 56(f) motions as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence." *Id. Burch*, No. 3:12-CV-00632-CWD, at *3.

Motions under Rule 56(d), however, should not be granted when the party seeking relief has failed to diligently pursue discovery of the evidence. *Mangum*, 2006 WL 2224067 at *3 (citing *Qualls v. Blue Cross*, 22 F.3d 839, 844 (9th Cir. 1994)). To obtain relief under Rule 56(d), litigants must establish three factors: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought after facts are essential to resist the summary judgment motion." *State v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.' " *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (quoting *Campbell*, 138 F3d. at 779). *Burch*, No. 3:12-CV-00632-CWD, at *3.

**DISCUSSION**

Plaintiff argues in his initial Declaration (Doc. 197) that it is necessary to take follow up depositions of several defendants. However, Plaintiff's subsequent Affidavit in response to Defendats' objections specifies that Plaintiff is requesting the Court to allow Plaintiff 90 days to obtain an affidavit or take the deposition of Judge Brian Lee specifically. Plaintiff states in his Declaration:

> It is apparent from the deposition testimony of Defendant Stokes (Indianhead Resources, LLC), Defendant Rostad (Rostad GPS & Monitoring), and (Payette County's 30(b)(6) designee) that no one involved in the arrest of the Plaintiff based on a demonstrably false-positive urine sample test for alcohol/drugs has an understanding of the scientific standards applicable to such tests to allow them to either order the appropriate analysis of urine samples, or to interpret the reports that they received from the various laboratories to which pretrial detainees' (including the Plaintiff's) urine sample were sent for analysis….
>
> Nevertheless, the Defendants all rely on the proposition that the tests were administered, analyzed, and reported as ordered by Payette County Brian D. Lee…
>
> Judge Brian D. Lee apparently instituted a "color call" system for contacting probationers/pretrial detainees to require them to report for the collection of urine

sample. There is no evidence that Judge Brian D. Lee ever advised anyone regarding any procedures or scientific standards to be followed concerning drug/alcohol testing analyses….

I have attempted to contact Judge Brian D. Lee to arrange for his deposition to be taken, but I have not been able to reach him thus far…

I have attempted to arrange to take the deposition of a critical witness, Mandy Loughran, who worked for Payette County as a Deputy Sherrif. Ms. Loughran managed the probationer/pretrial detainee drug/alcohol testing prior to Payette County entering into its contract with Indianhead Resources, Inc….

It appears from depositions taken thus far in this case that [defendants either had no policy or practice regarding training and supervision of those responsible for drug/alcohol testing…did not concern [themselves] with the reliability of urine sample analyses, [or] did not concern [themselves] with the scientific standards necessary for…reliable analysis].

In summary, Plaintiff claims in his subsequent Affidavit:

Each of the testifying defendants (Rostad, Stokes, and Payette County) attempts by inference to shift the blame for the wrongful arrest of the Plaintiff on Payette County (Idaho) Magistrate Brian D. Lee based upon a misinterpretation (or lack of interpretation) of the report of the analysis of Plaintiff's April 14, 2016, court-ordered urine sample. Based on hearsay, these Defendants suggest that Judge Lee was responsible for and did, in fact, take responsibility for training and supervision them concerning the scientific standards and procedures required to result in the reliable analysis of urine samples. Each witness's testimony contains suggestions that Payette County's and their contractors' lack of appropriate training, supervision, policies, and procedures resulting in the unwarranted arrest and incarceration of the Plaintiff based on his false-positive drug/alcohol urine test analyses is the result of procedures that were ordered by Judge Brian Lee, a magistrate in Payette County Idaho…

To oppose defendants' motions for summary judgment Plaintiff needs to obtain an affidavit from Judge Lee or take his deposition. Plaintiff's counsel has contacted Judge Lee's office on numerous times by phone and by email to arrange his deposition or obtain his affidavit. Thus far, he has not returned either my calls or my emails. (citations to Exhibits omitted).

Plaintiff alleges that since the March depositions, counsel has been involved in a number of activities that has hampered his ability to take follow-up depositions, including personal litigation, moving out of his personal residence, other cases, and out-of-state travel. He also states

that it is challenging to set depositions in this case because of the number of counsel involved. Lastly, he claims that Judge Lee "declines to have contact with Plaintiff's Counsel." (Doc. 203 at 4).

Looking to the text of Fed. R. Civ. P. 56(d), Rostad Defendants argue that Plaintiff has failed to show (1) the specific facts he hopes to elicit from further discovery; (2) that the facts sought exist; (3) the sought-after facts are essential to oppose summary judgment; and (4) why this discovery had not been or could not have been obtained earlier. *See Ice Castles, LLC v. LaBelle Lake Ice Palace, LLC*, 409 F.Supp.3d 912, 922 (D.Idaho, 2019), quoting *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); and citing *Bank of Am., NT & SA v. Pengwin*, 175 F.3d 1109, 1118 (9th Cir. 1999).

All Defendants argue that Plaintiff demonstrated an absence of diligence in conducting discovery. "We will only find that the district court abused its discretion if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Byrd v. Guess,* 137 F.3d 1126, 1135 (9th Cir.1998) (quotation marks omitted), *superseded by statute on other grounds as stated in Hunt v. County of Orange,* 672 F.3d 606, 616 (2012). See also *Johnson v. Hewlett-Packard Co.*, 546 Fed.Appx. 613 (9th Cir. 2013) (Denial of requests for additional discovery prior to ruling on defendant's motion for summary judgment was not abuse of discretion, where plaintiffs failed to demonstrate diligence by filing supporting affidavit, plaintiffs merely stated in conclusory terms that more discovery would show they were harmed, and requests were made a year and a half after complaint was filed).

Defendant Stokes represents that "Plaintiff has created his own problem," and that "this case has languished in large part because of Plaintiff's failure to conduct discovery." (Doc. 200 at

8

5). In total, Plaintiff has only taken three depositions during the last three years. The complaint in this matter was first filed in April of 2018. Initial disclosures and written discovery had been filed by the end of that year. There was nothing preventing Plaintiff from deposing County witnesses, replying to the summary judgment motion, or seeking clarification from the court as to how to proceed once the stay had been lifted. Once the stay was formally lifted, nothing prevented the Plaintiff from deposing Judge Lee or former Sheriff Huff.

A motion pursuant Rule 56(d) must identify the information would be obtained from said discovery in order oppose the pending motion for summary judgment. In *Choi v. Reed Institute*, 822 Fed. Appx 572 Cir. 2020, the Court held that the District Court did not abuse its discretion in denying Choi's Rule 56(d) Motion. *Id*. (citing *Stevens v. Corelogic, Inc*., 899 F.3d 666, 677 (9th Cir. 2018) (noting standard review for implicit denials Rule 56(d) motions depends on whether the information requested was relevant.)) The C*hoi* Court also relied upon the case *Tatum v. City Cnty. of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006) (finding no abuse discretion when did not satisfy the requirements what was then Rule 56(f)). The *Choi* Court stated, "Again, Choi did not comply with the Rule's requirements. Neither his counsel's affirmation nor the memorandum law in support the motion identified "specific facts" that would have helped Choi avoid summary judgment." *Choi, supra*, at 574-575.

In this case, Plaintiff's identification of facts that would be obtained from Judge Lee's affidavit or deposition is notably minimal. While Plaintiff in his Declaration identifies his impressions or interpretations of the few depositions taken, he generally does not point to any specific factual information that could be used to oppose any of the Defendants' pending motions for summary judgment. Plaintiff mostly notes that he believes that Defendants generally lacked the scientific standards for reliable positive results from urine sampling, lacked policies or

practices with respect to training or supervision, or had no concern with respect to obtaining reliable results. (*See* Doc. 197 at 6). However, Plaintiff's subsequent Affidavit suggests that Judge Lee may be able to attest to whether or not Defendants were involved in the sampling process at issue, the level of potential involvement of Defendants, and consequently whether or not Defendants may be held liable in this action. Such information is integral to Plaintiff's case.

Another consideration is whether a movant can show how allowing additional discovery will preclude summary judgment. *California Union Ins. v. American Diversified Savings Bank,* 914 F.2d 1271, 1278 (9th Cir.1990), *cert. denied,* 498 U.S. 1088, 111 S.Ct. 966, 112 L.Ed.2d 1052 (1991). Payette County Defendants asserts that Plaintiff's claims against it boil down to the notion that the county officials are responsible for the actions of several private persons and companies in the taking of a urine sample from Plaintiff, interpreting that sample and providing information to the court about that sample. Payette County argues that Plaintiff's counsel was told that the County is not liable and has no authority to supervise an independent contractor that oversees pretrial defendants for the court system. Thus, the County opposes Plaintiff's current motion "to defer the case even longer to depose individuals that the Payette County Defendants have repeatedly stated simply have no information relevant to this case." (Doc. 201 at 6). Again, the information sought by Plaintiff as to the magistrate judge's involvement—and thereby Defendants' alleged involvement—is relevant to Plaintiff's legal theory and could be used to oppose summary judgment.

## CONCLUSION

For the reasons set forth in this order, Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) is **GRANTED IN PART**. Plaintiff is ordered to respond to the pending motions for summary judgment on or before August 31, 2021. Plaintiff should complete all necessary

discovery prior to that date. Absent extraordinary circumstances, no further extension of time for discovery or dispositive motions will be granted.

**IT IS SO ORDERED.**

Dated: June 30, 2021                                   _/s/ Douglas Harpool_
                                                   **DOUGLAS HARPOOL**
                                                   **United States District Judge**